## RIGHTS UNDER THE COMPENSATION LAW OF AN INJURED BOY SIXTEEN YEARS OF AGE.

Common Pleas Court of Clark County.

ROBERT HARTLEY V. THE VICTOR RUBBER COMPANY.

Decided, December, 1921.

*Boy Injured in Course of His Employment—Waives Right of Action Against his Employer—By Collecting from State Insurance Fund— Employer may Set up Defense of Fraud and Misrepresentation as to Age of Minor Injured in His Employ—Construction of Amended Section 1465-93 of the Workmen's Compensation Act.*

1. A minor, sixteen years of age, employed by an employer who has complied with the provisions of the workmen's compensation act, and injured during such employment, is now within the provisions of the act, and if he has made application to the industrial commission for an award out of the state insurance fund, in compensation of his injury, and has been paid under the provisions of such act, he has thereby waived his right to bring an action at law against his employer.

2. The case of *Acklin Stamping Company* v. *Kutz*, 98 O. S., page 61, based upon the statute then in force, does not apply to the case at bar, by reason of the fact that the provision of original Section 1465-61, "who are legally permitted to work for hire under the laws of the state," has been eliminated from the definition of an employed minor, by amendment. (April 17, 1919, 108 O. L., 316.)

3. Such minor even though employed contrary to the provision of the law in reference to the employment of minors, is now deemed *sui juris* for all purposes of the act under the amendment of Section 1465-93 (108 O. L., 324), and as such is competent to elect to receive compensation from the state insurance fund, and having so elected, waives his right to bring an action at law.

4. The employer may set up as a defense any fraud or misrepresentation made by such minor employee, as to his age, even though

he may have been employed contrary to the provisions of any statute of the state, and if such misrepresentation is proved the defense of contributory negligence becomes available.

*Johnstone & Lorenz*, for plaintiff.

*J. E. Bowman*, for defendant.

GEIGER, J.

Plaintiff, an infant, brings an action against the defendant to recover for damages from which he is alleged to have suffered, during his employment in the defendant's factory.

It is alleged that the defendant operates a factory and regularly employs five or more workmen; that on the 3d day of May, he entered into a *contract of employment* with the defendant, by the terms of which the plaintiff was employed to operate a certain press; that at the time he was so employed the defendant was informed that the plaintiff was a minor of the age of 16 years; that by the terms of the employment, notwithstanding knowledge of plaintiff's age, plaintiff was required to operate the machine between the hours of 5 o'clock p. m. and 5:30 o'clock a. m., and required to work from 60 to 62 hours per week; that the press upon which the plaintiff was required to work, was designed to roll rubber under great pressure; that as a part thereof there were a number of gears and cogs; that the defendant is the owner of a shop within the meaning of Section 1027, G. C. and was negligent, in that it intentionally failed to construct guards on said gears or cogs, or to enclose the same as required by law; that it was negligent in that the safety device was out of order and did not work to prevent the accident, and that portions of the press were not working properly; that plaintiff was injured by being caught in the unprotected cogs at a time when he was being employed in the defendant's shop in violation of the statute governing the employment of infants of the age of 16.

It is alleged that the plaintiff, by reason of the unlawful acts of the defendant, was injured to his damage in the sum of $25,000.

Defendant answers, and as a first defense alleges that at the date in question, and for a year prior thereto it was, and since

said date has been a corporation having in service under contract five or more workmen regularly employed in the same business, and during that period has complied with the provisions of Section 1465-69 G. C., and has duly paid into the State Insurance Fund all premiums required.

Defendant further says that after his injury the plaintiff, on the 4th day of June, 1921, made application to the Industrial Commission for an award out of the State Insurance Fund in compensation of his injury, and on said application was paid the sum set out in detail, and on the 8th of August, as a permenent partial award was awarded the sum of $2400.00, payable at the rate of $12.00 per week, beginning August 15th, 1921.

As a third defense, the defendant repeating the allegations of the first defense, says that in the application for compensation plaintiff stated he was 19 years of age, and that at the time of his employment he represented to the defendant he was 19 years of age, upon which representation the defendant relied, and as consequence thereof gave him employment, which it would not otherwise have done; that the injury of plaintiff was directly due to his own contributory negligence, and that he assumed the risks of his employment.

A demurer is filed to the first and third defenses set forth in the defendant's answer, for the reason that they are, on their face, insufficient to constitute a defense to the cause of action alleged in the plaintiff's petition.

The question, as to the first defense, is: does the fact that the defendant had complied with the Workmens Compensation Act, and the plaintiff had received from the State an award under the act, constitute a defense to the action?

It is urged by the plaintiff that it does not for the reason that the relation of employer and employe did not exist between plaintiff and defendant, and that the provisions of the Act do not apply by reason of the violation of Sections 12993 and 12996 relating to the employment of infants.

It is claimed by the plaintiff, that the employment was illegal

and therefore there was no relation of the employer or employee, because he was engaged in the employment beyond the hour of 10 o'clock p. m., and for more than 54 hours per week, and that consequently the defendant was not protected by the provisions of the Compensation Act.

The case of *Acklin Stamping Company*, v. *Kuntz*, 98 O. S., 61, relates to a minor 15 years of age, and holds that if the relation of employer and employe does not exist, the provisions of the act have no application, and that a minor who is employed in violation of the statute enacted for the protection of children, is not an employe within the meaning of the term, as used in the act, and as designated in Section 1465-61 G. C.

The Acklin decision referred to an accident occurring on June 28th, 1916, at which time the statute then in force was 1465-61, O. L., 103, 77, which provided that the term employee, workman and operative, as used in this Act, shall be construed to mean, ''every person in the service * * * under contract for hire, express or implied, oral or written, including aliens and also including minors *who are legally permitted to work for hire under the laws of the State.*. The same provision was carried in the act passed March 20, 1917, O. L. 107, 159. The decision in question was rendered April 2d, 1918. The act as amended April 17, 1919, O. L., 108, 316, provides that the following shall constitute employers subject to the provisions of this act * * * every person in the service of any person, firm or private corporation under any contract of hire, express or implied, oral or written, including aliens and minors.''—omitting the former provision as to minors, ''who are legally permitted to work for hire under the laws of the state.''

Under the act in force at the time of the accident described in the Acklin case, Section 1465-93 O. L. 103, 89, provided that a minor working at an age legally permitted under the laws of this State, shall be deemed *sui juris for* the purposes of this act. * * *

The amendment of this section (April 17, 1917, O. L., 108 324), provides that a minor shall be deemed *sui juris* for the

purpose of this act, leaving out the portion of the original act "working at an age legally permitted under the laws of this state."

The question is, is the holding of the Supreme Court in the Acklin case modified by the amendments of the two sections, as pointed out.

Newman, J., says, on page 69:

"The test is, was the employment of a minor in the given case, illegal? If there has been, on the part of the employer a violation of the statutes of this State, enacted for the protection of children, the employer cannot avail himself of the provisions of the workmen's compensation act."

Counsel for plaintiff insist that notwithstanding the change in the statute, if the minor were illegally employed to perform services, either of a nature or of a duration that is prohibited by the statute, there was no valid contract of employment, and therefore that no relation of employer and employe existed and that as a consequence, under the Acklin case, the Workmen's Compensation Act has no application; from which it would follow that even if the minor applied for and received compensation he could not thereby bring himself within the provisions of the act, in as much as no act upon his part in applying for compensation, could make the relation of employer and employe exist where the employment is prohibited by the statute.

In the Acklin case, the court bases its decision upon the fact that the definition of an employe included minors "who are legally permitted to work for hire under the laws of the state."

Almost immediately after the decision in this case, this provision was eliminated from the statute in reference to both Sections 1465-61 and 1465-93, General Code.

It is evident there was some purpose in the amendment. The court had especially declared that a minor who was permitted to work at some employment, was not within the provisions of the act if he was not eligible for employment in the work or occupation in which he was engaged at the time of his injury

The omission of the provision upon which the court based its

decision, must certainly have been intended to avoid the effect of the decision, which was to exclude from the benefits of the act a minor, who, while otherwise eligible to employment, was not eligible for the employment in which he was injured.

The Acklin case at once impresses one that it is unfair to a minor to exclude him from the benefit of an act which is conceded to be favorable to adult employees. The act was passed for the benefit of the laboring man, and a minor employee was excluded from its benefits by virtue of the clause which the legislature repealed at an early date after the announcement of the opinion.

The conclusion seems almost inevitable that the legislature intended to include within the provisions of the act, minors who were employed and injured by such employment, irrespective of whether or not they could be legally employed in that particular employment.

It is within the knowledge of all, and a daily occurrence, that minors are employed in occupations for which they are technically ineligible.

It is not illegal for a minor to receive employment, but it is illegal for the employer to engage him in an employment prohibited by the statute. The minor has done no wrong by accepting the employment, and the legislature, quick to see this situation, provided that he should have the benefits of the Act, even though he were engaged through the illegal act of the employer. Having the benefit of the act, the next question is, must he be bound by its provisions? It is claimed that the plaintiff being a minor cannot make a valid election.

Section 1465-93 provides that a minor shall be deemed *sui juris* for the purpose of the act, under the assumption that if he is old enough to work, he is old enough to receive the benefits of the act, and to be bound by its provisions.

Section 1465-70 provides that employers complying with the act, shall not be liable in damages at common law or by statute, save as afterwards provided, for the injury of an employe.

Section 1465-76 provides where an employer has failed to comply with any lawful requirement for the protection of em-

ployees, then nothing in the act shall affect the civil liability of the employer, and such employe may, at his option, claim compensation under the act or institute proceedings for his damages on account of the injury, and in such event defendant shall be entitled to plead the defense of contributory negligence and the defense of the fellow servant rule, and further, that every employe who makes application for an award or accepts compensation from an employer, waives his right to exercise his option or institute proceedings in any court, and that every employe who exercises his option to institute proceedings in the court, waives his right to any award under the provisions of Section 1465-69.

It seems to the court to follow, that a minor, though he be employed in an occupation which is illegal, falls within the provisions of the compensation act, as now amended, and that he is *sui juris* though a minor, and that he is bound by the provisions of Section 1465-76, in that if he makes application for an award, he waives the right to exercise his option to institute proceedings in the court, and it must therefore follow that the first defense, which sets up the fact that he did make application, and did receive compensation, is a good defense.

The third defense, which is demurred to, repeats the allegations of the first defense, and states that the plaintiff represented that he was 19 years of age, upon which representation the defendant employed him, and alleges that his injury was due to his own negligence, and that he assumed the risks of his employment.

Section 6245-2 provides that in all actions where a minor employee has been employed or retained in employment contrary to any statute of the State or United States, such employe shall not be deemed, or held to have been guilty of contributory negligence, or to have assumed of the risks of his employment.

But the statute further provides that the employer may show by way of defense, fraud or misrepresentation made by such employee.

The defense sets up the mis-representation alleged to have been made, in that the minor represented himself to be 19 years of age, on account of which representation he was employed by defendant.

The burden of proving the allegations of mis-representation, is upon the employer. If the evidence shows that there was fraud or mis-representation on the part of the employe, as to his age, the defense of contributory negligence would then be available. *Acklin Stamping Co.* v. *Kutz,* 98 O. S. 71.

The defendant having plead mis-representations on the part of the minor, such defense if proved, permits the defendant to show contributory negligence on the part of the plaintiff, and the demurrer should therefore be overruled.

END OF VOLUME XXIII.